IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Richard Campbell, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>Dog House Holdings, LLC, d/b/a The Dog )<br>House Bar & Grill Inc.; Myrtle Beach )<br>Holdings, LLC, d/b/a/ Secrets Cabaret; )<br>David G. Marshlack; Charles B. Hammil; )<br>Scottsdale Insurance Company; and Gary C. )<br>Dolan, as Personal Representative of the )<br>Estate of Mark R. Dolan; )<br>)<br>    Defendant. )<br>_____) | Civil Action No.: 4:15-cv-02656-RBH<br><br>**ORDER OF REMAND** |

    This matter is before the Court on Defendant Charles B. Hammil's [ECF #12] motion to remand. This case was removed to this Court from the Horry County Court of Common Pleas on July 2, 2015, by Defendant Scottsdale Insurance Company. Defendant Scottsdale Insurance Company failed to obtain the consent of Defendant Charles B. Hammil prior to filing the removal. On July 28 and 30, 2015, respectively, Defendant Hammil filed an objection to removal [ECF #11] and a motion to remand [ECF #12]. Defendant Scottsdale Insurance Company responded arguing that, despite the defect in the removal procedure, Plaintiff had adopted the federal forum as the appropriate forum to proceed with this litigation by filing an amended complaint, which alleged that jurisdiction was proper in this court.

    Under 28 U.S.C. § 1441(a), a defendant is permitted to remove a case to federal court if the court would have had original jurisdiction over the matter. District courts have original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Removal statutes are strictly construed against removal, and any doubts concerning the propriety of removal must be resolved in favor of retained state court jurisdiction. *Marshall v. Manville Sales Corp.,* 6 F.3d 229, 232 (4th Cir. 1993). In addition, "[t]he party seeking removal bears the burden of demonstrating that removal jurisdiction is

proper." *In Re Blackwater Security Consulting, LLC,* 460 F.3d 576, 583 (4th Cir. 2006) (citation omitted). This includes establishing compliance with the removal statute requirements. *See Marler v. Amoco Oil Co.,* 793 F. Supp. 656, 658-59 (E.D.N.C. 1992).

The Supreme Court has construed these statutes to require all defendants in a case to join in or consent to removal, creating the so-called "rule of unanimity." *See Mayo v. Bd. of Educ. of Prince George's Cnty.*, 713 F.3d 735, 741 (4th Cir. 2013) (citing *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 620, 122 S.Ct. 1640, 152 L.Ed.2d 806 (2002)). The rule of unanimity, codified at 28 U.S.C. § 1446(b)(2)(A), provides that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." This requirement is not jurisdictional, however, unanimous consent by all defendants within the proper time is mandatory and failure to comply constitutes adequate grounds for a court to remand the action to state court. *Mason v. International Business Machines, Inc.*, 543 F.Supp. 444 (M.D.N.C. 1982). In addition, each defendants' consent must be unambiguous. *Id.* This rule is consistent with the Court's obligation "to construe removal jurisdiction strictly because of the significant federalism concerns implicated." *Maryland Stadium Auth. v. Ellerbe Becket Inc.*, 407 F.3d 255, 260 (4th Cir. 2005) (internal quotation marks omitted); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). The rule of unanimity helps to effectuate Congress's intent in limiting removal to prevent it from being used too broadly or casually. Courts must narrowly interpret removal jurisdiction because of the significant federalism concerns that are raised by removing proceedings from state court. *Marler*, 793 F. Supp. at 658-59. Thus, all doubts are resolved in favor of remand. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-09 (1941); *see also Mulcahey v. Columbia Organic Chems. Co., Inc.,* 29 F.3d 148, 151 (4th Cir. 1994).

In the instant matter, Defendant Charles Hammil did not consent to the removal and filed a motion to remand raising the defect in the removal process within thirty days of removal as required under 28 U.S.C. § 1447(c). Based on the removing party's (Defendant Scottsdale Insurance Company)

failure to obtain consent from all defendants as required by 28 U.S.C. § 1446(b)(2)(A), Defendant Charles B. Hammil's motion to remand [ECF #12] is **GRANTED**.  This case is hereby **REMANDED** to the South Carolina Court of Common Pleas for Horry County, South Carolina.  A certified copy of this Order of Remand shall be mailed by the Clerk of this Court to the Clerk of the Court of Common Pleas, Horry County, South Carolina

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
August 18, 2015